JAMES PAUL *versus* ARVIDA HAYFORD, JR. & al.

If personal property be transferred as security for becoming surety on a note, and the note is afterwards paid by the surety, and a new mortgage is then given to him of the same property to secure the repayment of the sum thus paid, within a stipulated time, any rights acquired by the first transfer, must be considered as waived by taking the mortgage.

When property is mortgaged, and the mortgage is duly recorded, the statute of 1835, c. 188, does not authorize an officer to attach and *remove* the property on a writ against the mortgagor, without first paying, or tendering payment, of the amount secured by the mortgage. An attachment of the property, in such case, can only be made, when it can be effected without depriving the mortgagee of the actual possession, or of the right to take immediate possession.

EXCEPTIONS from the Eastern District Court, ALLEN J. presiding.

Trespass for taking articles of personal property. It appeared, that one Sprague was the owner of the property, and had "turned it out as security," to Paul to secure him for becoming surety for him on a note; that ᵃPaul was obliged to pay the note; and that without making any conveyance back of the property, a mortgage of the same property was made, and duly recorded, to secure the ·plaintiff for the money so paid within one year. A formal delivery of the property was made each time, but it remained in the possession of Sprague until it was attached by Hayford on a writ in favor of the other defendant, and by his direction.

The counsel for the defendants requested the Judge to instruct the jury, that as the plaintiff was only mortgagee of the property, and the mortgage not having become absolute, and the property still remaining in possession of the mortgagor, at the time of the attachment, that the officer was justified by his precept in taking said property, and that the plaintiff could not maintain this action against him for thus taking the property.

The Judge declined thus to instruct the jury, and on the return of a verdict for the plaintiff, the defendant filed exceptions.

*W. G. Crosby*, for the defendants, contended that the first mortgage of the property was not valid against any but the parties to it, the possession having remained with the mortgagor, and it not having been recorded. St. 1839, c. 390, § 1. Nor can the action be maintained by any title under the second mortgage. The officer may attach property pledged or mortgaged, and sell the same on execution, as in other cases, subject however to the right and interest of such mortgagee, pledgee or holder. St. 1835, c. 188, § 2.

The statute gives the right to attach. The officer therefore cannot be made liable for the mere taking under a writ, which is the position contended for at the trial, and against which the Judge ruled. By refusing to deliver up the property on demand, or by selling it, without making a reservation of the interest of the mortgagee, he might become so, but not by the mere attachment. This construction of the statute was recognized in *Cutter* v. *Davenport*, 18 Maine R. 127, although in that case the property was sold without any reservation of the rights of the mortgagee.

*W. Kelley*, for the plaintiff, said that the plaintiff had acquired a complete and perfect title to the property, on his paying the debt, to secure which it was turned out the first time.

The second mortgage, however, made after the debt had been paid, gave the plaintiff the right to maintain the action as much, as if the sale had been absolute.

But the construction of the statute contended for is erroneous. The officer cannot deprive the mortgagee of his rights. He has no power to remove the property without first tendering the amount due, and is a trespasser if he does. He can only take the rights of the debtor, and may sell those rights, perhaps, without removing the property. The construction contended for by the officer would destroy the security of the

mortgagee. If the property can be removed, and no action be against the officer, it may be sold to an irresponsible person, and none but such would bid on property so situated, and carried beyond the reach of the mortgagee, or destroyed.

The opinion of the Court was by

SHEPLEY J. — It appears, that Emery Sprague on the 24th day of December, 1840, conveyed to the plaintiff in mortgage certain personal property to secure the payment of one hundred and twenty-five dollars in one year from that time ; and that the mortgage was duly recorded, and the property left in the possession of the mortgagor. Whatever rights the plaintiff might have had independently of it, he must be considered as waiving by taking the mortgage. This property was on the following day attached by Hayford on a writ against Sprague in favor of the other defendant, and was removed from the possession of the mortgagor. It is contended, that the sheriff was authorized to make such an attachment and removal of the property by virtue of the statute, c. 188, § 2. That statute provides, that personal property mortgaged may be attached, provided the person for whose benefit the attachment is made shall first pay or tender to the mortgagee the full amount of the demand, for which it is mortgaged. It then proceeds to provide for a sale of the property and for a disposition of the proceeds to pay the debt due to the mortgagee, and says, "and the residue of such proceeds shall be applied to the satisfaction of the judgment of the plaintiff in the manner provided by law, or the plaintiff may attach the property so pledged, mortgaged or held, and sell the same on execution as in other cases, subject however to the rights and interest of such mortgagee, pledgee or holder."

There are cases in which by our statutes a valid attachment may be made of personal property, which is left in the possession of the person, who held it before the attachment ; and in such cases it may be practicable to make an attachment without interfering with the rights of the mortgagee, pledgee or holder, and without making a tender or payment of the amount

due ; as it may also perhaps, where the person in possession procures a receipt for and retains the property. The language of the statute applies equally to the mortgagee and pledgee. The latter relies especially and often wholly upon the actual possession of the property for the security of his rights, which could not be preserved, while the property was taken from him by an attachment. Nor could those of a mortgagee, if he could be deprived of the actual possession, or of his right to take immediate possession, until after the recovery of judgment and a sale of the property, and a transfer of the possession had been made to any one, who should become the purchaser. The statute allows the attachment to be made only subject to the rights of the mortgagee, and does not authorize a diminution of those rights without a payment or tender of the amount due. And without such tender or payment an attachment of the property can only be made, when it can be effected without depriving the mortgagee or pledgee of the actual possession, or of the right to take immediate possession.

In this case, although the mortgagee had not the actual possession, he had the right to take the immediate possession. That was an important and valuable right, which could not be destroyed. The presiding Judge therefore properly declined to comply with the request for instructions ; and the exceptions are overruled.