## BASKINS *vs.* SHANNON.

To show good faith in a subsequent mortgage of personal property, so as to enable the holder thereof to avoid a prior mortgage on the ground of fraud, it must be proved by evidence *dehors* the instrument itself that the second mortgage was given for a valuable consideration, or to secure the payment of an honest debt

And evidence showing that about a year before the subsequent mortgage was given the mortgagor became indebted to the mortgagee, but not connecting the two transactions, is not sufficient.

BASKINS brought trover against Shannon in the common pleas of Yates county, for the conversion of a canal boat.   On the trial the plaintiff claimed title under a mortgage from one Ward, dated November 19, 1841, to secure the payment of $425 by the first day of July then next.   The defendant claimed title under a prior mortgage from Ward to him, dated October 28, 1841, covering the boat and other personal property.   This

mortgage the plaintiff insisted was fraudulent as to him on the ground, among others, that it was not accompanied by a change of the possession of the mortgaged property, and had not been filed in the proper town clerk's office.  To show the *bona fides* of his own mortgage, the plaintiff proved that about a year before it was given he sold to Ward 600 bushels of wheat, at $1 per bushel, which was not paid for on delivery.  This evidence was objected to by the defendant's counsel, but the objection was overruled.  He also, under a like objection, introduced in evidence two notes against Ward of $208,16 each, dated January 8, 1841, and payable September 1, 1841.  There was no evidence to connect the indebtedness for the wheat or on the notes, with the plaintiff's mortgage.

The plaintiff had a verdict and judgment thereon in the common pleas.  The supreme court, on error brought, affirmed the judgment; and the defendant appealed to this court.

*M. T. Reynolds*, for appellant.

*D. Wright*, for respondent.

Jewett, J.  If it were conceded that Baskins is a mortgagee of Ward in good faith, although his mortgage was executed subsequent to the execution of the mortgage made by Ward to Shannon of the same property, the latter would be void as against Baskins, on the ground that there was no delivery of the property mortgaged, or any possession taken of it by Shannon, nor was his mortgage filed in the office of the town clerk of Starkey, where Ward at the time resided.  (*Laws of* 1833, *ch.* 279, § 9.)  And besides, there is no evidence that there was any consideration for it.

But it is insisted that the mortgage to Baskins can not have priority over the mortgage to Shannon, on the ground that it was not proved to have been executed in good faith.  To show good faith in the making of a chattel mortgage, as between a subsequent mortgagee and the creditors or a prior mortgagee of the mortgagor, it is essential to show that the subsequent mort-

gage was made for a valuable consideration or to secure the payment of an honest debt. (*Hanford* v. *Artcher*, 4 *Hill*, 271.)

The plaintiff attempted to do that; he gave evidence to show that in the fall of 1840, a year prior to the time of making his mortgage, he sold to the mortgagor 600 bushels of wheat at $1 per bushel, which was not paid for on delivery; and also that he held two notes of $208,56 each, against him, made in January, 1841, which the court held, on motion for a nonsuit, to be sufficient evidence of the consideration of his mortgage. In that, I am of opinion that the court erred. There is no evidence to authorize a jury to find that the mortgage to Baskins was made to secure the payment of the price of the wheat sold, or any portion of it, or the notes or either of them. The evidence wholly fails to connect either of those claims with the giving of the mortgage. Admitting that those claims were justly due to Baskins from Ward, they could not have the effect to uphold the mortgage, in the absence of evidence to show that the object of it was to secure the payment of them, or of some part of them.

The judgments of the courts below must be reversed and a new trial awarded in the supreme court, costs to abide the event.

Judgment reversed.