By the Court.—Curtis, Ch. J.
—The evidence clearly establishes that the plaintiff’s chattel mortgage was executed before the defendant’s, in point of time, and was intended by the parties to constitute the first lien. Though the two mortgages were made by the same person, on the same property, dated the same day and filed the same minute, yet effect must be given to the agreement and intention of all parties, that the plaintiff’s mortgage should have a preference over the defendant’s as a prior lien upon the mortgaged chattels (Jones v. Phelps, 2 Barb. Ch. 440).
*339 The priority of the plaintiff’s mortgage, and the respective rights of the parties having been established, they were not affected, as between the parties, by the plaintiff’s omission to refile his mortgage within the .year, or by the defendant’s diligence in duly refiling his. The defendant had notice of the plaintiff’s mortgage, and his was taken subject to it. The object of the statute enacting that a chattel mortgage unless thus refiled should “cease to be valid, as against the creditors of the person making the same, or against subsequent purchasers or mortgagees in good faith,” does not reach a case like the defendant’s. He was a mortgagee previous to the omission to refile, and in no-sense a subsequent mortgagee.
The word “subsequent” is held to mean after the time when it should have been refiled (Meech v. Patchin, 14 N. Y. 71).
It also is shown that the plaintiff demanded payment of his mortgage during the first year after it was given, which not being complied with, his title to the mortgaged property became absolute (Burdick v. Mc-Vanner, 2 Den. 170). The plaintiff was thus placed in a position to maintain an action for the conversion of this property, and his taking subsequent chattel mortgages upon the same property to secure in part his original debt, did not affect his existing rights under the first mortgage (Westcott v. Gunn, 4 Duer, 112).
The defendant excepted at the trial, to the admission of evidence of the conversation between the parties, when the chattel mortgages were executed and the money paid by the plaintiff. It was competent to show the agreement and intention of the parties as to priority, and that the mortgage to plaintiff was executed for a valuable consideration paid by the plaintiff, and for the benefit of the defendant. This may be shown by evidence dehors the instrument itself, to rebut the statutory presumption of fraud, under which a chattel *340 mortgage unaccompanied by a change of possession was given (Baskins v. Shannon, 3 N. Y. 310).
" The defendant excepted to the allowance of this question asked by the plaintiff of the person who drew the two chattel mortgages, and who was then the at-, torney of the defendant, and whom he called as a witness: “Have you never stated subsequently to this time (the time he drew the first mortgage, and the defendant’s mortgage) in reference to those two mortgages, that the mortgage of Mr. Wray was the first.” As a general rule, proof of statements made by a witness out of court, in order to corroborate what he testifies to at the trial, are inadmissible (Robb v. Hackley, 23 Wend. 50). But it will be observed, that in the present case, the question was asked upon the re-direct examination of the witness, and after the defendant, upon his cross-examination, had introduced the subject and asked him questions as to what he had said at any time respecting it. Under the circumstances the question was admissible.
Several witnesses were examined as to the value of the mortgaged chattels when taken possession of by the defendant. There was some conflict of testimony on this point, and manufacturers and dealers in the articles were examined, but in considering it as a whole, there is no sufficient reason for disturbing the finding of the jury on the question of the amount of damages.
The evidence shows that the mortgage to the plaintiff was executed in good faith, that the plaintiff parted with and paid the full consideration mentioned in it, and that it passed to the defendant’s benefit. There is nothing that conflicts with this, or that tends to show any fraud or fraudulent intent on the part of the plaintiff. The consideration 'of each of his subsequent mortgages was shown, there was nothing in them that tended to impeach the fairness of the first mortgage, or *341 to show that they were not executed in good faith, and these subsequent mortgages were not claimed on the trial to. have any priority over the defendant’s mortgage. Under such circumstances, the court was not called upon to present this question of fact to the jury, the evidence concerning it being so conclusive that a verdict- contrary to it should be set aside (Carnes v. Platt, 7 Abb. Pr. N. S. 47).
The exceptions of the defendant are insufficient to warrant the reversal of the judgment and the granting of a new trial.
The judgment appealed from, and qrder denying the defendant’s motion for a new trial, should be affirmed with costs.
Sedgwick and Freedman, JJ., concurred.