CRIBB, Respondent, vs. MORSE and others, Garnishees, Appellants.

*February 10 — March 17, 1891.*

*Appeal: Judgment on remittitur : Fraudulent conveyances.*

The appellant, a bank, held a first mortgage upon a stock of goods, and H. & Co. a second mortgage thereon, and the respondent, a creditor of the mortgagor, attacked the validity of both mortgages by separate garnishee actions, which actions were by agreement heard and decided together, and the appellant's mortgage was held valid, and that of H. & Co. held invalid; and upon appeal the supreme court reversed the judgment, holding in separate decisions that the mortgage of H. & Co. was valid, and that of the appellants void as to $2,200, and remanded the cause for judgment accordingly; but the circuit court, in addition to adjudging the mortgage of appellants void as to that amount, gave the plaintiff judgment against them therefor, with costs. In the meantime, by stipulation of parties, the goods had been sold, and the proceeds deposited with the appellants to await the result of the litigation. *Held* that H. & Co. should have had an opportunity by some proper proceeding in the circuit court to assert their right to the fund, after the first mortgage, as against the other creditors, and until that was done the supreme court could not pass upon the question as to who was entitled thereto.

APPEAL from the Circuit Court for *Sauk* County.

The case fully appears in the opinion.

For the appellants there was a brief by *G. Stevens* and *W. F. Vilas*, and oral argument by *Mr. Vilas.*

*S. U. Pinney* and *A. L. Sanborn*, for the respondent.

ORTON, J.     The firm of J. & P. Hagenah, on the 8th day of July, 1889, executed a mortgage on their stock of goods to the Citizens' Bank of Reedsburg, an unincorporated bank owned by *George T. Morse* and others, to secure the sum of $3,500, their past indebtedness to said bank, and thereafter, on the same day, said firm executed a mortgage to

Hibbard, Spencer, Bartlett & Co., a corporation of the state of Illinois, on the same stock of goods, to secure the sum of over $9,000, their past indebtedness to said corporation, and assigned their book accounts to the said corporation as additional security.

On the same day the said mortgagees of both of said mortgages took possession of said stock of goods, without any arrangement as to their respective interest in the same, and said corporation left with the said bank said book accounts for collection. On the 12th, 13th, and 20th days of July, 1889, several judgment creditors of the said J. & P. Hagenah, including the said plaintiff, commenced proceedings of garnishment against *Morse* and others, the owners of said bank; and on the 20th day of July, 1889, the said plaintiff commenced proceedings of garnishment against Hibbard, Spencer, Bartlett & Co. The actions against the garnishees were by consent tried together in the case of the plaintiff against them, for the use of all of said judgment creditors, and all of said garnishees were represented by the same counsel. To the answers of the garnishees, denying all liability to the plaintiff on account of said stock of goods so held and possessed by them, proper issues were made, and the main issuable facts were as to the validity of said mortgages in respect to the creditors of J. & P. Hagenah, and to that question all the testimony was directed. By their special verdict the jury found that the mortgage to said bank was not made with intent to hinder, delay, or defraud creditors, and was valid, and that the mortgage to said corporation was made with such intent and is void. From the judgment entered accordingly the plaintiff appealed to this court, but from that part thereof only that adjudged the mortgage to the bank valid, and Hibbard, Spencer, Bartlett & Co. appealed from that part of said judgment only that adjudged their mortgage void. Both of said appeals were heard together, and this court held

that, according to the testimony, the mortgage to Hibbard, Spencer, Bartlett & Co. is valid, and that the mortgage to the bank, to the extent of $2,200, which was not a partnership indebtedness, is void, and that as to the residue thereof said mortgage is valid. The judgment was reversed, and the cause remanded, with direction to render judgment accordingly. [*Cribb v. Hibbard, Spencer, Bartlett & Co.* 77 Wis. 199; *Cribb v. Morse,* 77 Wis. 322.]

The circuit court, in obedience to that direction, rendered judgment that the mortgage to Hibbard, Spencer, Bartlett & Co. is valid, and that the mortgage to the bank is void as to the sum of $2,200, and valid as to the residue thereof. The entry of this judgment satisfied the mandate of this court, and ended the case so far as it had been tried, heard, or adjudicated in this court or in the circuit court. But, in addition to this judgment, the circuit court found the owners of the bank directly liable to the garnishee plaintiffs for the said sum of $2,200 so wrongfully and fraudulently held by them, and rendered judgment in favor of the plaintiff against the owners of the bank for the amount of his judgment, interest, and costs. From this judgment the owners of the bank have appealed to this court, and this appeal is now to be considered.

It should have been stated before that the parties entered into a written stipulation, pending the garnishee proceedings, that the bank should sell the mortgaged property, and the proceeds of such sale should be held by the bank, pending all the litigation between the parties, and that any and either party might make the same claims upon the trial of all proceedings, now or hereafter to be instituted, as if the sale had not been made. This stipulation was "by and between the parties to this cause, as well as to all other causes represented by the attorneys and counsel whose names are signed thereto."

The learned counsel of the appellants contend: (1) That

the said $2,200 remains in the custody of the bank, under that stipulation, as any other part· of the fund, to be disposed of only on the final adjudication of all the claims of the parties, and that the bank is not liable to costs for withholding it from the plaintiff. (2) That Hibbard, Spencer, Bartlett & Co. hold the first claim to said $2,200, because the property represented by the same, if not held by the bank mortgage, becomes at once subject to their mortgage, and, their mortgage having been held valid, they have a preference to the same, as against the plaintiff. This is not the language, but the substance, as I understand it, of the contention on behalf of the appellant.

The learned counsel of the respondent contends: (1) That the corporation of Hibbard, Spencer, Bartlett & Co. had the right and opportunity to have contested the mortgage to the bank, as the plaintiff did, but it neglected to do so, and is therefore estopped from claiming any benefit or advantage from that contest; (2) that Hibbard, Spencer, Bartlett & Co. were the same, in respect to the validity of the first mortgage to the bank, as any general creditor of J. & P. Hagenah, and could not contest the validity of that mortgage, and that no one but a creditor having a judgment, and some process by which the property could be seized, could do so; and (3) that they, therefore, have no claim to the fruits of such contest made by the plaintiff; that Hibbard, Spencer, Bartlett & Co., as the second mortgagees, have no right to the property mortgaged, represented by said $2,200 found to have been unlawfully or fraudulently included in the bank mortgage, in preference to the plaintiff in the garnishee proceedings, and that, therefore, the judgment appealed from is right.

On the motion for a rehearing of the appeal on behalf of the bank, the learned counsel of the appellant contended that said $2,200 so taken from the bank mortgage should go directly to Hibbard, Spencer, Bartlett & Co., as the next

or second mortgagees of the same property, and not to the plaintiff, holding a subsequent lien thereon, and this court was asked to so decide. It is contended that, inasmuch as the motion for such rehearing was denied, this court must have denied such claim on behalf of Hibbard, Spencer, Bartlett & Co. There was no such issue or question embraced in the record of the garnishee proceedings and judgments before this court on such appeals. In those proceedings the issue was limited to the single question of the validity of the two mortgages in respect to the creditors of J. & P. Hagenah. The plaintiff was the only adverse party, as to both of the mortgages, against the mortgagees as garnishees. The mortgagees were not in any sense adverse to each other, but were together defending their respective mortgages against the attack of the plaintiff on the ground of fraud. It was impossible for Hibbard, Spencer, Bartlett & Co. to have joined the plaintiff in his contest of the bank mortgage. It was utterly foreign to the issue between the plaintiff and the garnishees. There was no such question before the circuit court, or before this court on appeal. This court did not decide the question as to who or what parties would be entitled to this $2,200, because there was no such question in the case.

There was never an intimation by the learned counsel of the plaintiff, at any stage of the garnishee proceedings, that the plaintiff claimed that, if any of the property could not be held by the bank by reason of its mortgage having been given in fraud of creditors, the same should pass directly to the plaintiff's execution, over the second mortgage to Hibbard, Spencer, Bartlett & Co. The claim of the plaintiff was, at that time, inconsistent with any such claim. The plaintiff was contesting the second mortgage as well as the first, on the ground of fraud. Why was this done, and for what purpose? If the second mortgagees could make no claim on any property which the first mortgagees

should fail to hold by reason of fraud in their mortgage, what was the necessity of the plaintiff attacking the second mortgage? The only theory consistent with such a proceeding was that the plaintiff would establish no claim to the property unless he removed both mortgages for fraud. The plaintiff has compelled Hibbard, Spencer, Bartlett & Co. to defend their mortgage through the courts, until it has finally been adjudicated valid, only to be told at last that all this was unnecessary to the plaintiff, and a mere idle ceremony, and that their mortgage constituted no more claim to any of the property, in preference of the plaintiff, than if it had finally been declared void. Hitherto the only question has been whether the two mortgages were valid. They have been disposed of by final judgment. The first is void as to $2,200 of the property, and valid as to the residue, and the second is valid. This leaves a fund of $2,200 in the custody of the bank, under that stipulation, on which the bank has no claim except as such custodian, " pending all the litigation between the parties, for either party to make such claim thereto, upon the trial of present or future proceedings, as if the property had not been sold." Under that stipulation, Hibbard, Spencer, Bartlett & Co. have the right to claim, before the circuit court, that such fund belongs to them in preference of the plaintiff; but, without any chance or issue between the claimants, the circuit court has adjudged the $2,200 directly to the plaintiff, utterly ignoring the claim of the second mortgagees. This is the complaint on this appeal in their behalf, and the contention that they are entitled to this fund rather than the plaintiff.

Although this question has been presented and argued before this court, it is obvious that it is not here for decision. The question was never presented to or decided by the circuit court. The claim of the second mortgagees was simply ignored, and not considered. They have not, as yet,

had their day in court upon this question. The learned counsel of the respondent contends that there is no question about it, and these second mortgagees can have no claim whatever to this fund, (1) because they had an opportunity to contest the first mortgage, and failed to do so, and are therefore estopped from claiming any benefit from the contest by the plaintiff; and (2) that they had no right to contest it, and therefore were not entitled to any benefit from the contest of the plaintiff. This would seem to be a second violation in this case of the maxim, "*Allegans contraria non est audiendus*," for the positions are contradictory and inconsistent. As to the first contention, sufficient has been said to show that the second mortgagees had no opportunity to contest the first mortgage, or join with the plaintiff in doing so. The learned and eminent counsel of the respondent has cited many respectable authorities to show that the second mortgagee has no more right to contest the first mortgage than the mortgagor or any other creditor at large of the mortgagor. But the authorities would seen to be conflicting on that question. The following authorities would seem to hold that a second mortgagee may assail the first mortgage for fraud against creditors, or other vice, and that his mortgage is only subject to the first one, when the first one is valid as against creditors. Jones, Chat. Mortg. § 357; Herm. Chat. Mortg. § 144; *Anderson v. Hunn*, 5 Hun, 79; *White v. Graves*, 68 Mo. 218; *Wray v. Fedderke*, 43 N. Y. Super. Ct. 335; *Daly v. Proetz*, 20 Minn. 411; *Paine v. Waite*, 11 Gray, 190; *Paul v. Hayford*, 22 Me. 234; *Baskens v. Shannon*, 3 N. Y. 310. The elementary works seem to treat this as the settled law. We have not pursued the investigation of this question further than to show that it is in dispute, for it is not yet here to be decided, inasmuch as the circuit court has not passed upon it, and it is yet open for adjudication.

The position of the learned counsel seems to be that if

Hibbard, Spencer, Bartlett & Co., as the second mortgagees, cannot contest the first mortgage to the bank, they should not have the benefit of such contest by the plaintiff, whereby $2,200 of the property has been taken out of the first mortgage, but that it should pass directly to the plaintiff. It may be that neither the plaintiff nor the second mortgagees will be entitled to this fund,— the plaintiff because he was unable to remove the second mortgage out of his way; nor the second mortgagees, because they have no right to contest the first mortgage, or have failed to contest it; but this question is not yet here for decision. It is contended by the learned counsel of the appellant that Hibbard, Spencer, Bartlett & Co., as the second mortgagees, have title to all the property mortgaged, and are entitled to the possession of it against all the world, except the bank, as the first mortgagee, and, if for any reason any portion of it is not held by the bank, then they hold the first mortgage on it. This question, also, we cannot now decide, and have only examined it with a view of ascertaining whether there is such a question in the case to be determined by the circuit court. In *Newman v. Tymeson*, 13 Wis. 172, an action of *trespass* was maintained by a second mortgagee against the officer who levied on the property on behalf of a creditor of the mortgagor. Chief Justice Dixon said in his opinion: "The appellant was, by virtue of the mortgage, entitled to the immediate possession of the property as against all the world save the mortgagee named in the first mortgage, if still unpaid, and can maintain an action for taking it in defiance of his right." It is also held that the lien of the second mortgage is as independent as that of the first, to all the world, except the first mortgagees, and that they are only first and second mortgages in respect and relation to each other. In *Treat v. Gilmore*, 49 Me. 34, it is held that the second mortgagee may maintain *trover* against the officer who had attached it at the suit of a creditor of the

mortgagor. It is an important question whether a subsequent attaching creditor may succeed in invalidating the first mortgage for fraud against creditors, and thereby acquire the first right to the property over the second intervening mortgage, and thus leave the second mortgagees without security. This is also a question to be first decided by the circuit court. These questions are all embraced in the general question of what are the rights of Hibbard, Spencer, Bartlett & Co. and the plaintiff to this fund of $2,200, as against each other. This question may be presented to the circuit court by the parties as they may be advised.

*By the Court.*— The judgment of the circuit court in favor of the plaintiff and against *George T. Morse, W. F. Winchester,* and *Charles Keith* is reversed, and the cause remanded with direction to determine the above question and render judgment accordingly.