# JAMES H. DALY

### *vs.*

## HENRY PROETZ.

If the mortgagee in a chattel mortgage, after default in payment by the mortgagor, but before the mortgagee has taken the property, or any other proceeding under the mortgage, takes a new note payable at a later day than the first, and a new mortgage upon the same property, with the understanding and agreement between himself and the mortgagor that the new note and mortgage shall be a payment and satisfaction of the first note and mortgage, the first mortgage is thereby extinguished and discharged.

When a mortgagor, before default in an existing chattel mortgage, executes a second mortgage upon the same property, and subsequently the first mortgage is discharged and extinguished by the mortgagee therein, the mortgagee in the second mortgage acquires all the rights of a first mortgagee.

When a note is secured by a chattel mortgage, executed by the maker

Daly v. Proetz.

of the note, in the absence of a demand, or any proceeding by the payee equivalent to a demand, the maker is entitled to the whole of the business hours of the last day of grace to pay the note, and is not in default until the expiration of that time.

A party who intends to rely upon fraud in support of his case, must allege it in his pleading.

Appeal by defendant from a judgment of the district court for Ramsey county. The case is fully stated in the opinion.

E. SIMONTON, for Appellant.

U. L. LAMPREY, for Respondent.

*By the Court.*—McMILLAN, CH. J.—The plaintiff in this action seeks to recover damages from the defendant for the unlawful taking and conversion of certain personal property, described in the complaint.

The facts in the case are substantially as follows: Kennedy & McChristal, saloon keepers, were the owners of the property, and on the 15th February, 1872, being indebted to Henry Proetz, the defendant and appellant, executed and delivered to him two notes of that date, one for $72, payable on the first of March, 1872, the other for $70, payable on the first of April, 1872, to secure the payment of which they also at the same time executed and delivered to him a chattel mortgage upon the property described in the complaint.

By the terms of the mortgage Kennedy & McChristal were to remain in possession of the property; but in case of default in payment of the money secured thereby, or any part of it, or the interest thereon, at the time the same became payable, or if the property, or any part of it, was not properly taken care of, or became deteriorated or damaged, or if any attempt should be made to dispose of the same, or any part thereof, by the mortgagors, or any other person, the mortgagee was

Daly v. Proetz.

authorized to enter, and remove and sell the said property and all equity of redemption of the mortgagors, at public auction, after notice of not less than three days, or at private sale without any notice, and on such terms as the mortgagee saw proper, &c. This mortgage was filed in the proper office February 20, 1872.

On the 4th March, 1872, the said Kennedy & McChristal executed and delivered to James H. Daly, the plaintiff and respondent, a chattel mortgage to secure two notes of that date to the order of said Daly, one made by Michael D. Kennedy, payable ninety days after date, for $69.25, with interest at twelve per cent. per annum, the other made by Thomas McChristal, payable ninety days after date, for $106.75, with interest at twelve per cent. per annum. The mortgage contained similar conditions and authority to the mortgagee as to the right to take possession and dispose of the property mortgaged. The mortgage was filed in the proper office March 6, 1872, at nine o'clock A. M.

On the 5th March, 1872, the agent of defendant, Proetz, called on Kennedy & McChristal for payment of the first note, secured by his mortgage, which had matured. They could not pay the note. After some negotiations between them, Proetz's agent, on that day, (Kennedy & McChristal having paid $15 or $20 on the note,) took a new note for the balance of the indebtedness, and to secure the same took a new chattel mortgage upon the same property described in the first mortgage, and at the same time surrendered to the mortgagors the two notes secured by the first mortgage to Proetz. Neither Proetz nor his agent at this time had any actual knowledge of the mortgage to plaintiff.

It is claimed by the plaintiff that the transaction in which the defendant took the second note and mortgage, and surrendered to the mortgagors the original notes, was a payment

of the first notes, and a cancellation and discharge of the first mortgage. The defendant insists that such was not the character or effect of the transaction.

The court charged the jury at the request of the plaintiff, " That if the jury find from the evidence in the case, that at the time the second mortgage and note from Kennedy & McChristal to the defendant were made, it *was understood* and *agreed* between them and Mr. Proetz, or his attorney, Mr. Simonton, acting for him, that such second mortgage and note were to be in payment and satisfaction of the mortgage and notes of February 15, 1872, and were accepted as such payment and satisfaction by said Proetz, and if the jury further find that the property described in the complaint was taken by said defendant and converted to his use, then their verdict must be for the plaintiff."

The question as to whether it was the agreement and intention, in fact, of the parties, that the taking of the new note and mortgage by the defendant's attorney, on the 5th March, 1872, should operate as a payment and extinguishment of the original notes and mortgage, was distinctly submitted to the jury by this and other instructions of the court. The jury, having found a verdict for the plaintiff, must have determined this question adversely to the defendant.

The first point made by the appellant is, that the verdict is not justified by the evidence. If we were permitted to determine this point by a reference to the testimony presented to us in the paper book, it may be that we should feel constrained to sustain the appellant's position ; but unfortunately for the appellant, the paper book does not purport to contain all the evidence given upon the trial. Therefore, as the respondent urges, we must presume, in *favor* of the verdict, that there was upon the trial testimony, not embodied in the return, sufficient to sustain the verdict.

Daly v. Proetz.

The second point urged by the appellant is, that the respondent acquired no rights in the property under the mortgage made to him by Kennedy & McChristal.

Of the notes secured by the mortgage to Proetz, the defendant, the first was in terms payable on the first day of March, 1872; with days of grace added, this note matured on the 4th March, 1872. The notes and mortgage given by Kennedy & McChristal to Daly, the plaintiff, were executed on the 4th of March, 1872. There is no evidence of a demand by Proetz, or any person for him, upon Kennedy & McChristal for payment of the note due that day. In the absence of a demand, or any proceeding upon the part of Proetz, the payee of the note, equivalent to a demand, we think the maker was entitled to the whole of the business hours of the last day of grace to pay the note, and that he was not in default until the expiration of that time. *Pierce vs. Cate*, 12 *Cush*. 190.

The plaintiff's mortgage, having been made upon the 4th March, 1872, was therefore executed before the default of Kennedy & McChristal to pay the Proetz mortgage.

There can be no doubt of the rule to this extent, that while personal property covered by a mortgage remains in the possession of the mortgagor, and the conditions of the mortgage are unbroken, the mortgagor has an interest, subject to his control and disposition, that he can sell and deliver such title as remains in him, and that the purchaser takes it, in case of a sale, subject to the lien of the mortgage. 2 *Story Eq. Jur.* § 1035 *b* ; *Mech. Building & Loan Ass'n vs. Conover*, 14 *N. J. Ch'y*, 219 ; *Hamill vs. Gillespie*, 48 *N. Y.* 556 ; *Hathaway vs. Brayman*, 42 *N. Y.* 322 ; *Hall vs. Sampson*, 35 *N. Y.* 274 ; *Schouler on Pers. Prop.* 551 ; *Saxton vs. Williams*, 15 *Wis.* 292. This is sufficient for this case. Our statute does not diminish the rights of the mortgagor, established by this rule. Whether

it enlarges them or not, we need not determine. *Gen. Stat.
chap.* 39, *sec.* 5 ; *chap.* 66, *sec.* 166.

Proetz, by virtue of his mortgage, held the legal title to
the property mortgaged, subject to the condition that upon
performance of the conditions of the mortgage by the mort-
gagors, his title should be determined. *Schouler Pers. Prop.*
531. If, then, Kennedy & McChristal had paid the Proetz
mortgage on the 4th March, the title to the property would
have revested in them, and they would have been the abso-
lute owners. And at any time before foreclosure in equity,
or a sale upon due notice, they might have redeemed from
the Proetz mortgage. Daly's mortgage was subject to that
of Proetz, that is, as against Proetz, he had Kennedy & Mc-
Christal's equity of redemption. *Schouler Pers. Prop.* 557 ;
*West vs. Crary,* 47 *N. Y.* 425 ; 3 *Denio,* 33 ; and as against all
the world, except Proetz, the first mortgagee, he had the
legal title, subject to be defeated upon the performance of the
conditions of his mortgage. *Newman vs. Tymeson,* 13 *Wis.*
172; *Treat vs. Gilmore,* 49 *Me.* 34 ; *Constant vs. Matteson,* 22
*Ill.* 546. Upon the extinguishment of Proetz's mortgage,
without foreclosure, Daly became the first mortgagee, and by
the terms of his mortgage, had a right to take possession of
the property, if default should be made in the payment of
the money mentioned in the mortgage, or any part thereof,
or the legal interest thereon, &c., or if any attempt should
be made to remove or dispose of the property, or any part
thereof. Default had been made, and the property had been
removed, before the plaintiff's demand was made, or suit
brought. The only question therefore is, whether Proetz's
mortgage had been extinguished without foreclosure before
he took possession of the property. This the jury have an-
swered in the affirmative, and, as we have seen, we are not at

Daly v. Proetz.

liberty to review their finding. The defendant's second point, therefore, is not well taken.

The defendant's third point is, that the court erred in charging the jury at the request of the plaintiff, that they could not take into consideration any acts of fraud or misrepresentation that may have been made by Kennedy & McChristal at the time they gave the defendant the second mortgage and note.

The answer simply denies each and every allegation contained in the complaint. No allegation of fraud is contained in the pleadings, and the rule is well settled that a party who intends to rely upon fraud in support of his case, must allege it in his pleading. The charge of the court in this respect was entirely correct.

The last point made by the appellant is that the damages were excessive. The theory upon which the case was tried and given to the jury was, that under the pleadings as they were framed the jury must find that the defendant took and converted to his own use all the articles of property mentioned in the complaint; otherwise they could not give the plaintiff more than nominal damages. The appellant claims that there is no proof that the defendant took all the property. This claim is not well founded. There is some evidence, and sufficient we are fully satisfied, to bring the case within the rule, so frequently applied in this court, that where there is evidence upon which the verdict may reasonably be sustained, we will not interfere with it. A further answer in this case is, as we have already stated, that the paper book does not purport to contain all the evidence received upon the trial, and we must presume in favor of the verdict, if necessary to sustain it, that there was other sufficient evidence in the case.

The order denying a new trial is affirmed.