Filed Nov. 24, 1883.

---

No. 10,756.

| 91 | 437 |
|----|-----|
| 127 | 197 |

KACKLEY ET AL. *v.* STATE, EX REL. HEITZ.

MORTGAGE.—*Sale of Goods on Execution.*—*Sheriff's Liability on Bond.*—*Damages.*—When personal property is encumbered by a mortgage, and is sold by the sheriff on an execution upon a subsequent lien, and possession is delivered to the purchaser without requiring him to comply with the conditions of the mortgage, the sheriff and his sureties are liable for the damages the mortgagee thereby sustains.

SAME.—*Possession of Goods.*—*Accounting for Sales.*—In such case, if the mortgage by its terms permits the mortgagor to retain possession and sell the goods upon the condition that the sum of the sales, less current expenses, is to be applied upon the mortgage, the amount of such sales can not be augmented by adding thereto the amount of the sale of goods subsequently purchased.

SAME.—*Consideration.*—*Evidence.*—Where, in an action upon the sheriff's bond in such case, the defendants insist that such mortgage was executed without consideration, the plaintiff may show that the mortgage was given

him to secure him in part as the mortgagor's surety, and in part for money loaned, and may read in evidence notes made by him in discharge of such obligation, though not paid by him till after the commencement of the suit.

SAME.—*Complaint.*—In an action on the sheriff's bond in such case, it is not necessary to aver in the complaint that such mortgage was made in part to indemnify him as surety.

From the Knox Circuit Court.

*W. H. De Wolf* and *S. N. Chambers,* for appellants.

*H. S. Cauthorn, J. M. Boyle; F. W. Viehe* and *R. G. Evans,* for appellee.

BEST, C.—The State, on relation of Anthony Heitz, brought this action against James E. Kackley and his sureties upon his official bond as sheriff, to recover such damages as the relator had sustained by reason of the alleged fact that such sheriff, upon an execution against William A. Wendling, had sold and delivered certain personal property of said Wendling upon which the relator had a prior lien by mortgage, without requiring the purchaser to comply with the conditions of such mortgage.

Issues were formed, a trial had, and a verdict returned for $725, upon which, over a motion for a new trial, judgment was rendered. This ruling is assigned as error.

Under the assignment that the verdict was contrary to the evidence, the appellants insist that nothing was due upon the appellee's mortgage. The mortgage was upon a stock of drugs, counters, shelving, soda fountain, etc., the possession of which the mortgagor retained, and by the terms of the mortgage all sales in excess of current expenses were to be applied in payment of the mortgage. The property was not sold for more than a year after the mortgage was executed, and the appellants insist that enough of the goods were sold within this time to extinguish the mortgage. This was a question of fact that was, for aught that appears, properly submitted to the jury; and an examination of the evidence leads us to the conclusion that the fact was properly found. The mortgage

was for $2,500, and the property embraced in it was shortly before purchased in trade for $3,000, and was not worth more than that sum. The evidence tended to show that the greater part of this property remained unsold when the sheriff made his sale. The mortgagor, however, testified that his daily sales of drugs, medicines, and cigars averaged $15, and that the money realized therefrom was used in replenishing the stock. As the mortgagor had possession of the property about 13 months after the execution of the mortgage, the appellants insist that he must have sold more than $4,000 of such property, and as current expenses were only about $900, the excess was sufficient to extinguish the mortgage. A mere statement of these facts furnishes a complete answer to this position. They show that the stock was not reduced enough by sales to extinguish the mortgage, and the several amounts of the successive sales of goods purchased, with the proceeds of the mortgaged property, can not be added for the purpose of augmenting the amount of the mortgaged property sold. A sale of $500 of the mortgaged goods invested in other goods sold for a like sum does not reduce the stock $1,000, and that sum should not be applied upon the mortgage. Without resorting to this mode of counting sales, the mortgage was not extinguished, and, as this can not be done, it follows that the fact was correctly found.

It is next insisted that the court erred in allowing the appellee to offer evidence that the mortgage was given to secure him in part against his liability as the mortgagor's surety, and especially in allowing him to read in evidence certain notes, paid after the commencement of the suit, which were given by the appellee for money furnished to the mortgagor.

The appellants maintain that no such proof was admissible without an averment in the complaint that the mortgage was given as an indemnifying mortgage. In this we think they are mistaken. They alleged in their answer that the mortgage was executed without consideration, and for the purpose

of defrauding the mortgagor's creditors. They also offered some evidence upon these pleas. For the purpose of meeting these the appellee offered evidence to show that the mortgage was made to secure in part money before that time loaned, and in part to secure him as surety. He also offered evidence to show that he was compelled to pay the several sums for which he was bound as surety, and that in doing so he made his own notes, some of which were not paid till after the suit was commenced. All this was legitimate for the purpose of showing that the mortgage was supported by a sufficient consideration. The fact that some of these notes were not not paid till after the suit was commenced was wholly immaterial if the mortgage was in fact made to secure the undertaking, whereby he obligated himself to pay the money for which the notes were executed; nor was it necessary to aver in the complaint that the mortgage was made in part to secure him as surety. The note imported, upon its face, a valuable consideration, and no reason exists for an averment upon the subject. The want of consideration must be averred by the other side. A mortgage absolute in form will secure a mortgagee against his liability as surety. Jones Chat. Mort., section 82. Besides, this mortgage was given in part for money loaned, and can not be said to be purely an indemnifying mortgage. No error was, therefore, committed in these respects.

No other point is raised, and as no error appears in the record the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellants' costs.

Filed Nov. 24, 1883.