The State, *ex rel.* Jessup, *v.* Milligan *et al.*

No. 12,444.

THE STATE, EX REL. JESSUP, *v.* MILLIGAN ET AL.

CHATTEL MORTGAGE.— *Constable's Sale.*— *Possession.*—The purchaser, at a constable's sale, of mortgaged personal property, is not entitled to possession, unless he complies with the terms of the mortgage.

From the Jay Circuit Court.

*D. T. Taylor, J. M. Smith, T. Bailey, R. S. Gregory* and *A. C. Silverburg*, for appellant.

*T. Bosworth* and *O. H. Adair*, for appellees.

ELLIOTT, J.—A constable has undoubtedly the right to levy upon personal property mortgaged to secure a debt. Our statute provides that " Goods and chattels pledged, assigned, or mortgaged as security for any debt or contract may be levied upon, and sold on execution against the person making the pledge, assignment, or mortgage, subject thereto, and the purchaser shall be entitled to the possession, upon complying with the conditions of the pledge, assignment, or mortgage." Section 722, R. S. 1881.

Our cases have uniformly held that under this statute the officer may seize and sell the mortgaged property. *Louthain v. Miller*, 85 Ind. 161, and cases cited. But this does not fully meet the question here presented, for it is averred in the complaint, and admitted by the demurrer, that the constable delivered the property to the purchaser without first requiring him to comply with the terms of the mortgage, and we are therefore confronted with the question, whether the constable had authority to deliver the mortgaged property? This question is answered against the appellees in *Kackley* v. *State, ex rel.*, 91 Ind. 437. At common law goods pledged by way of mortgage could not be seized on execution, and our statute changes this rule only in so far as to permit them to be seized and sold, but it does not authorize the officer to deliver possession to the purchaser unless he complies with the " conditions of the pledge, assignment, or mortgage." Jones Chattel Mort.,

sections 555, 556a. The authority to interfere with the rights vested in the mortgagee is a temporary one, and granted for the purpose of enabling the officer holding an execution to make a levy and sale, but not for the purpose of further impairing the rights of the mortgagee to his security.

Judgment reversed, with instructions to overrule the demurrer to the complaint of the appellant's relatrix.

