Filed Feb. 5, 1891.

---

No. 14,620.

## BYRAM ET AL. *v.* STOUT.

CHATTEL MORTGAGE.—*Sale on Execution.*—Personal property under mortgage may be levied upon and sold by execution, subject to the mortgage lien.

SAME.—*Nature of Mortgagee's Interest.*—The mortgagee of personal property is a mere lien-holder.

SAME.—*Attachment of Mortgaged Property by Mortgagee.—Waiver of Lien.— Estoppel.*—A levy of a writ of attachment by the mortgagee upon personal property mortgaged to him is not a waiver of his mortgage lien; and the mere fact of the levy does not estop him to foreclose or claim under his mortgage lien.

From the Rush Circuit Court.

*T. S. Rollins,* for appellants.

*S. Claypool* and *W. A. Ketcham,* for appellee.

BERKSHIRE, J.—The appellee brought this action to foreclose a chattel mortgage executed by John S. Matthews and Mary J. Matthews.

The appellants, on their own motion, were made parties defendant, claiming to be junior mortgagees, and filed an answer in bar of the action, and a cross-complaint, in each of which they asserted that their mortgage lien was superior because of the fact that the appellee had, prior to the commencement of this action, brought suit upon the evidences of debt secured by his said mortgage, and had caused a writ

of attachment to issue, which had been levied upon the mortgaged property.

The contention of the appellees is that when the appellant sued out his writ of attachment and caused it to be levied upon the mortgaged property, he thereby released his mortgage lien; and this is the only question presented for our consideration.

There are some authorities to support the contention of the appellee. Jones Mortgages, section 565; *Evans* v. *Warren*, 122 Mass. 303; *Buck* v. *Ingersoll*, 11 Met. 226; *Whitney* v. *Farrer*, 51 Me. 418; *Libbey* v. *Cushman*, 29 Me. 429; *Haynes* v. *Sanburn*, 45 N. H. 429.

These authorities, however, depend upon a mere legal technicality, and not upon any principle in equity.

As the court says, *Evans* v. *Warren, supra*, the liens respectively created by mortgage and by attachment on the same property can not co-exist, for the reason that, under the Massachusetts statutes, the equity of redemption of personal property is not subject to attachment, and hence if the mortgagee causes an attachment to issue against the mortgaged property, it is a waiver of the mortgage lien. This reasoning is not very satisfactory.

Jones, *supra*, follows the language employed by the court in *Evans* v. *Warren, supra*. But in the same section referred to above, Jones says that under a statute which makes a mortgage a mere lien upon the property without conferring any title to it, it is probable that an attachment of the mortgaged property by the mortgagee would not amount to a waiver of the mortgage lien, but would be a cumulative remedy. Under our statutes the mortgagee is but a lienholder.

It has been held many times by this court that personal property under mortgage may be levied upon and sold by execution, subject to the mortgage lien. *Broadhead* v. *McKay*, 46 Ind. 595; *Sparks* v. *Compton*, 70 Ind. 393; *Em-*

*mons* v. *Hawn,* 75 Ind. 356 ; *Geisendorff* v. *Eagles,* 70 Ind. 418.

Section 722, R. S. 1881, especially provides that goods and chattels pledged or mortgaged may be levied upon and sold on execution.

Section 918, R. S. 1881, requires the officer holding the order of attachment to seize and take into his possession the property of the defendant in his county, not exempt from execution.'

The following cases support the conclusion that the mortgagee of personal property is a mere lien-holder : *Manns* v. *Brookville National Bank,* 73 Ind. 243 ; *Evansville, etc., Co.* v. *State, ex rel.,* 73 Ind. 219 ; *Heimberger* v. *Boyd,* 18 Ind. 420; *Coe* v. *McBrown,* 22 Ind. 252 ; *State, ex rel.,* v. *Milligan,* 106 Ind. 109 ; *Kackley* v. *State, ex rel.,* 91 Ind. 437.

In *Thurber* v. *Jewett,* 3 Mich. 295, it is held that an attachment of the mortgaged property by the mortgagee is not a waiver of his lien. See the following cases as throwing some light upon the question : *Shuler* v. *Boutwell,* 18 Hun, 171 ; *Hill* v. *Beebe,* 13 N. Y. 556 ; *Daly* v. *Proetz,* 20 Minn. 411.

There is no element of estoppel to be considered, for the reason that the appellants' position was in no way changed or prejudiced by the attachment proceedings.

We find no error in the record.

Judgment affirmed, with costs.

Filed Feb: 4, 1891.