IRA BARCHARD *et al.*

*v.*

JOSEPHINE KOHN.

*Filed at Ottawa October 11, 1895.*

1. CHATTEL MORTGAGES—*effect of failure to record—permitting mortgagor to sell property.* A chattel mortgage which is not recorded, and under which the mortgagor retains the right to sell the mortgaged property in the course of business, while void as to creditors is good as between the parties.

2. SAME—*who is the real owner of mortgaged property.* The naked legal title which vests in the mortgagee of chattels after condition broken is not an absolute and exclusive ownership, but the rights of an owner still remain with the mortgagor to a certain extent.

3. SAME—*concurrent remedies of mortgagee of chattels.* The rule pertaining to mortgages of real estate, that the mortgagee may proceed concurrently with an action on his note and with proceedings to foreclose his mortgage, applies also to mortgages of personal property.

4. SAME—*lien of mortgage and lien of execution not inconsistent.* The specific lien of a mortgage upon chattels may be pursued consistently with a general lien arising from judgment and execution upon the debt secured, and the doctrine of election does not apply in such case.

5. SAME—*lien of mortgage on exempt property not waived by levy of execution.* The lien of a chattel mortgage upon property exempt from execution is not waived by obtaining judgment upon the notes secured by the mortgage and levying upon the mortgaged property under execution thereon, although the exempt property is set off to the debtor as such, but such lien may be enforced by a subsequent foreclosure of the mortgage.

*Barchard* v. *Kohn*, 54 Ill. App. 629, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. SAMUEL P. McCONNELL, Judge, presiding.

This is an action of trespass, begun on April 14, 1891, by appellee against appellant Borrmann, a dry goods merchant, and appellant, Barchard, a constable, for the alleged unlawful taking and carrying away of a stock of

goods claimed to be the property of appellee, and entering for that purpose into the store No. 931 West Eighteenth street in Chicago on April 13, 1891, where the goods were then located. Three pleas were filed; the first, not guilty; the second, averring that plaintiff, Josephine Kohn, was the wife of William Kohn, that William Kohn was the owner of the goods and chattels on June 16, 1890, and on that day executed a chattel mortgage upon the same to the defendant, Borrmann, to secure $3000.00, of which $2000.00 remained unpaid at the time of the alleged trespass, that Borrmann by his agent, Barchard, took possession of the property under said mortgage, and, in pursuance of its terms, the property was sold at public auction on May 2, 1891, for $421.40, an amount insufficient to pay what was due upon the mortgage; the third plea sets up that the entry into the premises was made in a quiet and peaceable manner and without unnecessary damage in order to take the goods under the mortgage. The trial in the circuit court was before the court and a jury, and resulted in verdict and judgment for $800.00 in favor of plaintiff. The judgment has been affirmed by the Appellate Court, and an order has been made by that court, certifying that the cause involves questions of law of such importance on account of collateral interests involved that it should be passed upon by the Supreme Court. The case is brought here by appeal from the judgment of the Appellate Court.

The material facts necessary to present the question involved are as follows: The chattel mortgage was given to secure twenty-nine notes executed by William Kohn to Borrmann, dated June 16, 1890, twenty-eight of which were each for $100.00 payable weekly thereafter, and the twenty-ninth was for $200.00 payable on March 1, 1891, so that all the notes had been due for some two weeks before the levy of the executions hereinafter named. The mortgage was not recorded until July 26, 1891, long after the present trespass suit was begun. On March 18,

1891, the mortgagor, William Kohn, executed two judgment notes, one for $98.52 to D. Liebman, and one for $231.27 to A. Lewin & Sons. On the next day, March 19, 1891, judgments were entered up upon these notes and executions issued and placed in the sheriff's hands, the sheriff receiving the Lewin execution at 10:55 A. M. and the Liebman execution at 11 A. M. of that day. On the same day, the appellant, Borrmann, learning of these judgments, caused judgment for $2000.00 to be entered up upon eighteen of the notes, secured by his chattel mortgage, then remaining unpaid, and execution to be issued thereon, the sheriff receiving said execution at four o'clock in the afternoon of March 19, 1891. On the same day, and in the order in which they came to the hands of the sheriff, the three executions were levied upon the property included in the chattel mortgage.

The next day Kohn, the judgment debtor, presented a schedule and asked to have his legal exemptions set off to him out of the property levied upon under the provisions of the exemption law of this State. (1 Starr & Cur. Ann. Stat. page 1112, chap. 52, sec. 14.) Appraisers were appointed, and on March 26, 1891, Kohn selected, and there was set off to him as exempt, property to the amount of $400.00, being a part of the property covered by the chattel mortgage. Subsequently, the balance of the property levied upon, after taking out the exemptions, was sold under the executions, and, out of the proceeds of the sale, the Lewin and Liebman executions were paid in full, and the remainder of the proceeds was, on March 30, 1891, applied upon the execution of the appellant, Borrmann, leaving still due to him upon his judgment about $950.00.

It is claimed by appellee, that her husband, William Kohn, owed her $250.00 when the executions were levied; that he paid $100.00 of this amount to her on March 19, 1891, and, in payment of the remaining $150.00, turned over the exempt property, amounting to about $400.00, to

her by first transferring it to one Adolph Cohen, who on or about March 26, 1891, transferred it back to appellee. All instructions, asked by the defendants submitting to the jury the question whether the property really belonged to the plaintiff, were refused. It was this exempt property, which the appellants took under the mortgage on April 13, 1891, for the purpose of satisfying *pro tanto* the $950.00 remaining due thereon, and which was sold, after the giving and posting of notice as required by the mortgage, at public auction on May 2, 1891, as alleged in the pleas.

JESSE HOLDOM, for appellants:

There was no waiver of the rights of Borrmann under the chattel mortgage by his entering judgment on the notes and levying execution thereon. Against the authority of *Dyckman* v. *Sevatson,* 36 Minn. 132, and *Evans* v. *Warren,* 122 Mass. 303, are arrayed the following cases: *Thurber* v. *Jewett,* 3 Mich. 295, and cases cited; *Atkins* v. *Byrnes,* 71 Ill. 326; *Butler* v. *Miller,* 1 Comst. 496; *Byram* v. *Stout,* 127 Ind. 195; *Howard* v. *Parks,* 1 Tex. Civ. App. 603; *Draper* v. *Mann,* 117 Mass. 439; *Townsend* v. *Newell,* 14 Pick. 332.

While a chattel mortgage covering a stock of goods being sold in the regular course of business would be void as to judgment creditors, yet it is good as between the parties. Jones on Chattel Mortgages, 138; *Ludwig* v. *Kipp,* 20 Hun, 265; *Goodheart* v. *Johnson,* 88 Ill. 58.

MORAN, KRAUS & MAYER, for appellee:

Under the law of this State a chattel mortgage is but a conditional sale, and when the mortgagor fails to perform the condition, the title to the mortgaged property, so far as it is held by the mortgagor, vests in the mortgagee. *Rhines* v. *Phelps,* 3 Gilm. 455; *Pike* v. *Colvin,* 67 Ill. 227; *Durfee* v. *Grinnell,* 69 id. 371.

The levy of the execution upon the mortgaged property on April 19, 1891,—seven weeks after default had been made in the payment of the last note secured under the mortgage,—was pursuing a course which was neither concurrent, nor consistent with the assertion of any right under the mortgage. *Evans* v. *Warren*, 122 Mass. 303 ; *Buck* v. *Ingersoll*, 11 Metc. 226; *Swett* v. *Brown*, 5 Pick. 178 ; *Legg* v. *Willard*, 17 id. 140; *Libby* v. *Cushman*, 29 Me. 429 ; *Whitney* v. *Farrar*, 51 id. 418; *Kimball* v. *Marshall*, 8 N. H. 291; *Haynes* v. *Sanborn*, 45 id. 429; *Dyckman* v. *Sevatson*, 39 Minn. 132; Jones on Pledges, sec. 600; Jones on Chattel Mortgages, sec. 565; *Butler* v. *Miller*, 1 N. Y. 496; *Hanchett* v. *Distillery Co.* 15 Ill. App. 57.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The question in the case is, whether the appellant, Borrmann, mortgagee in the chattel mortgage, had a right to take possession under his mortgage of the goods set off as exempt to William Kohn, the judgment debtor and mortgagor, or whether, by taking judgment upon the notes secured by the mortgage and levying the execution issued thereon upon the mortgaged property and allowing a part of the proceeds of the sale made under the executions to be applied upon the judgment, he thereby waived his right to proceed under his mortgage against the portion of the mortgaged property not sold under the executions and set off as exempt to the judgment debtor. The question arises out of the ruling of the trial court, excluding the chattel mortgage when offered by the defendants as a justification of the alleged trespass and admitting it only in mitigation of damages, and also out of the action of the court in instructing the jury, that, as a matter of law, the chattel mortgage did not justify the defendants in seizing the goods in question.

As the mortgage was not recorded, and provided for the sale of the goods mortgaged in the ordinary course

of business, it was void as to creditors, but it was good as between the parties to it. (*Gregg* v. *Sanford*, 24 Ill. 17; *Forest* v. *Tinkham*, 29 id. 141; *McDowell* v. *Stewart*, 83 id. 538; Jones on Mortgages—4th ed.—sec. 138; *Greenebaum* v. *Wheeler*, 90 Ill. 296; *Deering & Co.* v. *Washburn*, 141 id. 153).

The main case which holds, that an attachment of the mortgaged property by the mortgagee for the mortgage debt is a waiver of his lien under the mortgage, is *Evans* v. *Warren*, 122 Mass. 303. The decision in that case was placed upon the ground substantially, that the liens created by mortgage and by attachment upon the same property are essentially different and cannot co-exist, for the reason, that, under the Massachusetts statutes, the equity of redemption of personal property is not subject to attachment, and hence if the mortgagee causes an attachment to issue against the mortgaged property, it is a waiver of the mortgage lien. The cases, which hold, that the attachment operates as a waiver of the plaintiff's rights under the mortgage, do so upon the general grounds, that a person cannot avail himself of inconsistent remedies in relation to the same matter, and, having chosen and carried into effect one remedy, he cannot resort to a different one, involving a repudiation of the grounds upon which the first one was based; that the suit on the mortgage and the attachment suit are inconsistent, because the one proceeds upon the ground that the mortgagee is the owner of the property, and the other upon the ground that the mortgagor thereof is owner; that, when the debt matures, the mortgagee has the right to take the property under the mortgage, he having the legal title subject only to a right of redemption; and that, by bringing the attachment suit, he elects to treat the property as the property of the debtor, and can not, by seeking to enforce his mortgage, assert an ownership and right of possession in himself antedating the attachment.

The reasoning in *Evans* v. *Warren, supra,* was held to be unsatisfactory and its doctrine was repudiated in *Byram* v. *Stout,* 127 Ind. 195. In the latter case, the mortgagee in a chattel mortgage brought an action to foreclose it; and a junior mortgagee set up, as a defense, that the complainant had previously brought suit upon the evidences of debt secured by his mortgage, and had therein issued a writ of attachment and levied it upon the mortgaged property, and had thereby released his mortgage lien; but the court held that the attachment was not a waiver of the mortgage lien and did not estop the mortgagee from claiming under his mortgage, basing its decision mainly upon the ground that, in Indiana, the mortgagee in a chattel mortgage is a mere lienholder. (Jones on Mortgages, sec. 565). In support of the conclusion, that the mortgagee of personal property is a mere lienholder, Indiana decisions are there referred to, holding that personal property under mortgage may be levied upon and sold by execution subject to the mortgage lien.

The case of *Howard & Co.* v. *Parks,* 1 Tex. Civil App. 603, follows the case of *Byram* v. *Stout, supra,* holding that a mortgage lien upon personal property is not waived by suing out an attachment upon the debt secured by the mortgage, and that in Texas a chattel mortgage has the effect of a lien on the property.

There can be no doubt, that the Chattel Mortgage act of Illinois recognizes a lien as existing under the mortgage upon the property mortgaged. Section 1 thereof speaks of a mortgage, trust deed or other conveyance of personal property "having the effect of a mortgage or lien upon such property." (2 Starr & Cur. Ann. Stat. page 1630).

We have held that a court of equity has jurisdiction to foreclose a chattel mortgage. (*McCauley* v. *Rogers,* 104 Ill. 578; *Dupuy* v. *Gibson,* 36 id. 197; *Gaar, Scott & Co.* v. *Hurd,* 92 id. 315). A bill in equity could not be filed to foreclose such a mortgage, unless a lien was thereby

conferred which could be enforced against the property. If, therefore, an attachment of the mortgaged property, in a suit upon the debt secured by the chattel mortgage, is not a waiver of the right to proceed under the mortgage where the mortgage is a lien upon the property, such an attachment will not be a waiver in this State when the subsequent proceeding, begun to enforce the mortgage, is a bill in equity to foreclose. In such case, there is no inconsistency between the two remedies, as both certainly recognize the mortgagor as owner.

Where a chattel mortgage is properly acknowledged and recorded, a third person, who is a creditor of the mortgagor, may levy an attachment or an execution upon the property in the possession of the mortgagor subject to the mortgage. (*Beach* v. *Derby*, 19 Ill. 617; *Pike* v. *Colvin*, 67 id. 227; *Durfee* v. *Grinnell*, 69 id. 371).

We have also held, that a chattel mortgage is a conditional sale; that, when there is default in the performance of the condition, the title of the mortgagor vests in the mortgagee; and that the mortgagee, upon default or condition broken, being invested with the legal title, may bring replevin, or trover, or reduce the property to possession, and proceed to sell under the power in the mortgage. (*Pike* v. *Colvin*, *supra; Durfee* v. *Grinnell*, *supra; Cleaves* v. *Herbert*, 61 Ill. 126; *Simmons* v. *Jenkins*, 76 id. 479; *Arnold* v. *Stock*, 81 id. 407; *Greenebaum* v. *Wheeler*, 90 id. 296; *Rhines* v. *Phelps*, 3 Gilm. 455). But even in this class of remedies the inconsistency, relied upon as the basis of the theory of waiver, is more seeming than real.

In *Howard & Co.* v. *Parks*, *supra*, which was a statutory action for the trial of the right of property, in which it was sought to foreclose and enforce a contract lien upon personalty, the court say: "We are of opinion that * * * this lien was not waived by suing out an attachment upon the debt secured by such lien. We see no such inconsistency in the two suits as that the suing out of the attachment should have this effect."

In the case at bar, there was no attachment of the property covered by the chattel mortgage in the proceeding upon the note secured thereby; the property was levied upon under an execution issued upon a judgment entered upon the note so secured. There can be no substantial difference, however, between taking the property under execution after judgment and taking it under an attachment before judgment. If there is no inconsistency between the enforcement of the mortgage lien and an attachment of the property, there can be none between the enforcement of such lien and the levy of an execution upon the property.

The chattel mortgage here provides, that, in case of default in payment or in any of the other conditions of the mortgage, the mortgagee shall have the right to take immediate possession of the property, and may sell the same and out of the proceeds of sale, after paying the costs and debt secured, shall render the surplus, if any, to the mortgagor. Although the naked legal title, after condition broken, vests in the mortgagee for the purpose of obtaining possession and applying the proceeds of the sale of the property to the payment of the debt, yet the requirement, that the surplus proceeds be paid to the mortgagor, shows that the absolute and exclusive ownership is not in the mortgagee. On the contrary, this requirement indicates, that even the enforcement of the mortgage by seizure and sale under the power therein contained proceeds upon the idea, that the rights of an owner still remain with the mortgagor to a certain extent.

It has long been the doctrine of this court in regard to real estate mortgages, that the mortgagee may sue upon the note secured by the mortgage, or bring ejectment on condition broken, or file a bill in chancery to foreclose, and that he may pursue these remedies either concurrently or successively. (*Fish* v. *Glover*, 154 Ill. 86, and cases there cited). In such cases, reducing the debt to judgment does not release the mortgage; it merely

changes the form of the debt, so that the mortgage then becomes a security for the payment of the judgment; the judgment on the note without satisfaction is no bar to a proceeding in equity to foreclose, and the two suits may be pending at the same time; the lien of the debt, secured by the mortgage, attaches to the mortgaged property, and, as between the parties, can only be defeated by the payment or discharge of the debt or by the release of the mortgage. (Ibid). It has never been regarded as an objection to the prosecution of ejectment at law and of foreclosure in equity at the same time against the mortgagor of realty, that the one proceeds upon the theory of title in the mortgagee and the other upon the theory of title in the mortgagor. Notwithstanding their apparent inconsistency, they may proceed concurrently until the debt secured is satisfied, it being always understood that there can be but one satisfaction.

The rule, that a mortgagee may proceed concurrently with an action on his note and with lawful proceedings to foreclose his mortgage, applies to mortgages of personal property as well as to mortgages of real estate. (*Burtis* v. *Bradford*, 122 Mass. 129). The holder of a chattel mortgage after default has three remedies, any one or two or all of which he may pursue concurrently—an action at law to recover the debt, an appropriate action to recover the mortgaged property, and a foreclosure of the mortgage. (Herman on Chattel Mortgages, sec. 206; 2 Cobbey on Chattel Mortgages, sec. 947). In the case of chattels, as well as of realty, a personal judgment on the note secured by the mortgage is no bar to a subsequent suit to foreclose the mortgage, and the mortgagee does not lose his right to the mortgaged property if he seizes it on execution under the judgment. (2 Cobbey on Chattel Mortgages, secs. 944, 1018). The mortgage being a specific lien and the judgment a general lien may be pursued consistently until the debt is satisfied. The doctrine

of election does not apply in such cases. (Pingrey on Chattel Mortgages, sec. 1027 ; *Tyson* v. *Weber*, 81 Ala. 470).

The authorities, which sustain the doctrine of waiver as above stated, "depend upon a mere legal technicality, and not upon any principle in equity." (*Byram* v. *Stout, supra*). In *Stier* v. *Harms*, 154 Ill. 476, where the main point decided was, that replevin and trespass for the wrongful taking of goods under a distress warrant were analogous, consistent and concurrent remedies, the case of *Dyckman* v. *Sevatson*, 39 Minn. 132, was cited as illustrating the general doctrine that, where there are two inconsistent remedies, the selection of one will preclude the right to pursue the other, yet it was not intended to hold that the remedies here under discussion of attachment and foreclosure are inconsistent. Moreover, it is difficult to reconcile them with the decision of this court in *Atkins* v. *Byrnes*, 71 Ill. 326. In that case, the action was replevin, brought by the holder of a junior chattel mortgage who had suffered the mortgaged property to remain in the hands of the mortgagor long after the mortgage debt had matured, against the bailiff who had taken possession of the property under a distress warrant issued by the holder of a prior chattel mortgage after the debt thereby secured had been overdue an unreasonable length of time; it was held that, although both mortgagees had been guilty of *laches*, yet, as against each other, under the circumstances, the one first acquiring possession was entitled to priority; that, although the defendant took the property as bailiff under the distress warrant, yet his possession was legally that of the prior mortgagee for whom he was acting; that the prior mortgagee did not thereby release any lien which he had upon the property by virtue of his chattel mortgage; that, consequently, he could subject the property, except as against third persons whose interests had attached before the property was taken, to the payment of either or both liens; and that the execution of a note for rent due and a chattel

mortgage to secure its payment does not operate as a waiver of the right to enforce payment by distress. If the holder of a chattel mortgage, given to secure a note for rent due, does not waive his mortgage lien by causing the property to be seized under a distress warrant issued for the rent, then it would seem to follow, that the mortgage lien is not waived when the mortgagee causes the property to be taken under an execution upon the judgment obtained in a suit upon the note secured by the mortgage. The lien of the execution is no different from the lien of the distress warrant in its effect upon the right to enforce the mortgage lien.

In the case at bar, the mortgaged goods were in *custodia legis* when Borrmann's execution came into the sheriff's hands, because they had theretofore been levied upon under the executions issued upon the judgments in favor of Liebman and Lewin & Sons. Borrmann's execution lien was subject to the prior liens of the two other executions. The property set off to Kohn as exempt was set off as exempt from the levy of the three executions. So far as the proceeds of the sale of the mortgaged property levied upon were applied upon Borrmann's execution, his chattel mortgage was to that extent satisfied. But the execution did not take effect against the property set off as exempt. That property was released from the lien of the execution. It was not sold and applied upon the execution, and did not operate as a satisfaction *pro tanto* of the judgment into which the mortgage note had been merged.

In *Conway* v. *Wilson*, 44 N. J. Eq. 457, which was a bill to foreclose a chattel mortgage, the answer set up that the complainant had sued at law on the claim secured by his mortgage, recovered judgment, issued execution, levied on the mortgaged property and other property, and then had directed the sheriff to surrender the goods levied upon to the defendant, and the sheriff did so; and it was claimed from these facts, that the complainant, having once had a levy on goods enough to satisfy his de-

mand, his demand would be presumed to be satisfied; but it was held, that, although such was the general rule, it could not apply when the defendant himself had received the goods and retained them. Where property is not taken from the possession of the defendant, or is restored to him at his request, the levy does not operate as a satisfaction so far as his rights are concerned. (Freeman on Judgments—4th ed.—sec. 475; *Hanness* v. *Bonnell*, 23 N. J. L. 159). Hence, if the mortgaged property levied upon by Borrmann had been surrendered to and retained by Kohn, it would not have affected the right of Borrmann to proceed against it under his mortgage. We cannot see why that right was in any way affected by the fact, that the property was, upon the application of the debtor, set off as exempt.

In *Tuesley* v. *Robinson*, 103 Mass. 558, a chattel mortgage covering property exempt by law was held to be fraudulent as against creditors, but good as between the parties; and, upon the bankruptcy of the mortgagor, the property was set apart by the assignee as excepted from the operation of the Bankruptcy act; it was held that the right of the mortgagee to hold the property as security under his mortgage was not waived or affected by the debtor's discharge in bankruptcy, and that he was entitled to replevy from the mortgagor the property so set off to him.

In *Sumner* v. *McKee*, 89 Ill. 127, where the mortgagor in a chattel mortgage died before the note secured thereby had matured and the mortgagee failed to take possession at its maturity, and the widow relinquished her claim to the articles mentioned in the appraisement of her specific allowance, and in lieu thereof elected to take all the articles of personalty inventoried and appraised, including the goods mortgaged, as a creditor of the estate, it was held that she took them subject to the lien of the mortgage.

In case of a chattel mortgage, the owner waives the benefit of the exemption so far as the incumbrance is operative. (Thompson on Homesteads and Exemptions, sec. 741). It is questionable whether, as between Borrmann and Kohn, the latter was entitled to have the property set off as exempt from the levy of Borrmann's execution. Borrmann had the right under his mortgage to take possession of the property and sell it. There could be no material difference in selling it under the mortgage, and directing the sheriff to sell it under the execution and apply the proceeds *pro tanto* towards the payment of the execution. "Where personal property, otherwise exempt from execution, has been pledged as collateral security for the payment of a debt and judgment has been rendered on the debt, an execution may be issued and the property seized and sold thereon as in other cases." (*Jones* v. *Scott*, 10 Kan. 33). "Where by the terms of a chattel mortgage, the mortgagee at the maturity of his debt, has the right to take possession of the property, he may, if he choose, reduce his debt to judgment, take out execution, and levy upon and sell the mortgaged property as in other cases; in which case the debtor sustains no such injury as will support an action of trespass even though the chattels thus mortgaged be the articles enumerated by law as exempt from execution." (*Frost* v. *Shaw,* 3 Ohio St. 270; Thompson on Homesteads and Exemptions, sec. 742; Herman on Chattel Mortgages, sec. 207).

We are inclined to think, that the lien of the mortgage upon the property not sold under the execution was not waived by the proceedings under the execution; and that the court below erred in refusing to admit the mortgage in evidence as a justification of the act of taking possession of the property, and in instructing the jury as follows:

"The court instructs you, as a matter of law, that the defendant Borrmann lost the benefit of any lien which he

may have had upon any of the property in question under the chattel mortgage in evidence, by the entry of the judgment by him against William Kohn and by the levy of the execution issued thereon, as shown by the evidence, and that, as a matter of law, the chattel mortgage did not justify the defendants in seizing the goods in question, and it is your duty to find the defendants guilty."

The judgments of the Appellate and circuit courts are reversed and the cause is remanded to the circuit court for further proceedings in accordance with the views herein expressed.    *Reversed and remanded.*