## W. R. Hill v. R. W. Coats.

1.  EVIDENCE— *What is Improper in Proceeding of Distress for Rent.*—Evidence in relation to the giving and recording of a chattel mortgage by defendant to plaintiff, covering broom corn raised on the leased premises, is incompetent and immaterial, where the only issues properly before the jury, were the amount due or to become due plaintiff from defendant for rent and the right of the plaintiff to distrain therefor.

2.  LANDLORD AND TENANT—*Statute Giving Lien for Rent Before Maturity is to be Strictly Construed.*—The right of a landlord to distrain for rent before maturity is one conferred by statute only, and is to be strictly construed.

3.  STATUTES—*Section 34. Chapter 80, R. S., Construed.*—The sale contemplated by Section 34, Chapter 80, R. S., is an absolute sale, one that carries with it the immediate right of possession and removal from the demised premises, and one in which such right of removal is, or is about to be, effectuated.

Distress for Rent.—Appeal from the County Court of Piatt County; the Hon. F. M. SHONKWILER, Judge presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed August 28, 1903.

W. K. WHITFIELD and GEORGE A. SENTEL, attorneys for appellant.

WELTY & STERLING and REED & EDIE, attorneys for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is a distress for rent proceeding, originally instituted

in the Circuit Court of Moultrie County. After a trial in that court the venue was changed to Piatt county, where the cause was three times tried in the County Court. On the last trial there was a verdict and judgment for plaintiff, Coats, for $671, and costs, from which defendant, Hill, appeals.

Hill was the tenant of Coats of a 400-acre farm, under written lease, for the term of one year, commencing March 1, 1899. The rent agreed to be paid by defendant was $2,400, evidenced by three notes, one for $600 due August 1, 1899, one for $1,200 due October 1, 1899, and one for $600 due December 1, 1899. The first note, and all but $71 of the second note, had been paid by defendant at the time the distress warrant was issued on October 30, 1899, and served November 6th following. The $71 unpaid on the second note had, however, been tendered before suit.

The distress warrant was issued by plaintiff for the $600 for rent not due, under and by virtue of section 34, chapter 80 of the statute, which provides :

" That if any tenant shall, without the consent of his landlord, sell and remove, or permit to be removed, or be about to sell or remove, or permit to be removed from the demised premises, such part or portion of the crops raised thereon as shall endanger the lien of the landlord upon such crops for the rent agreed to be paid, it shall and may be lawful for the landlord to institute proceedings by distress before the rent is due," etc.

It is argued by appellant, that the court permitted improper evidence to go to the jury and that the court erred in giving and modifying instructions.

On the trial plaintiff was permitted to show what was said and done between himself and the defendant, in relation to the giving and recording of a chattel mortgage for the sum of $800, bearing date August 25, 1899, executed by defendant to plaintiff, covering broom corn raised on the leased premises. The chattel mortgage was not introduced in evidence, but in view of what counsel was permitted to prove in relation to it, the effect was the same. The evidence was incompetent and immaterial. The only

issues properly before the jury were the amount due or to become due plaintiff from defendant for rent, and the right of the plaintiff to distrain therefor. A chattel mortgage given by defendant to plaintiff upon broom corn on the premises, for money borrowed, was not a proper subject of inquiry, and in the connection in which it was permitted to be shown, could not have been otherwise than prejudicial to defendant.

On August 25, 1899, the defendant, Hill, executed to one A. H. Miller a chattel mortgage upon 100 acres of broom corn and 200 acres of Indian corn, growing upon the leased premises, to secure the payment of $1,950, January 1, 1900, subject to the landlord's lien for 1899. It was the giving of this chattel mortgage that induced plaintiff to have the distress warrant levied, plaintiff insisting that the mortgage of the crops raised on the demised premises, without his consent, was a sale of the same within the section quoted, and authorized him to institute distress proceedings for rent to become due. Plaintiff was permitted to introduce this Miller chattel mortgage in evidence over the objection of defendant. Disregarding the chattel mortgage, the evidence tends to show that there were from 4,000 to 7,000 bushels of corn on the premises, upon which plaintiff had a lien for his rent, and that such lien had not been endangered by any act of the defendant. The right of a landlord to distrain for rent before maturity is one conferred by statute only, and is to be strictly construed. A chattel mortgage is a conditional sale of chattel property only; the legal title remains in the mortgagor until condition broken. Barchard v. Kohn, 157 Ill. 579. We are disposed to hold that the sale contemplated by this section is an absolute sale, one that carries with it the immediate right of possession and removal from the demised premises, and one in which such right of removal is, or is about to be, effectuated. If this be the true construction of this section, the Miller chattel mortgage was not competent evidence of a sale and removal, or that defendant was about to sell and remove or permit to be removed from the demised

premises, such portion of the crops raised thereon as would endanger plaintiff's lien, and it was error to admit it. The chattel mortgage, however, was by its express terms, made subject to the landlord's lien, which by the distress proceeding he was attempting to enforce, so that in no event could it operate to endanger his lien. If the landlord's lien is not endangered, he has no right to distrain for rent not due. A landlord can not be permitted to invoke this section of the statute to harass and embarrass his tenant.

Predicated upon the incompetent evidence admitted, the court gave erroneous instructions to the jury. The judgment will be reversed and the cause remanded.