# *Ex Parte* Logan, *et al.*

### *Detinue.*

(Decided February 5, 1914.   64 South. 570.)

1. *Mortgages; Waiver of Lien; Attachment.*—Under the provisions of section 4091, a mortgagor has an equity in the mortgaged property subject to levy and sale; hence, the levy of an attachment by a mortgagee on the mortgaged chattels as the property of the mortgagor is not a waiver of title of the mortgagee, nor does it estop him from maintaining an action in detinue to recover the mortgaged property.

2. *Same; Remedies of Mortgagee.*—A mortgagee has three several concurrent remedies against the mortgagor; an action at law to recover debt, an appropriate action to recover possession of property, and a foreclosure of the mortgage and sale of the property.

3. *Judgment; Res Judicata; Claim to.*—A claim suit between a mortgagee and a third party instituted after levy of an attachment by the mortgagee on the mortgaged property as the property of the mortgagor resulting in favor of such third party, is not res judicata in a detinue suit by the mortgagee against the mortgagor for the same property.

CERTIORARI to Court of Appeals.

Petition by S. E. Logan for certiorari to the Court of Appeals to review the judgment and decision of that court in the case of *Logan, et al. v. Smith Bros. Co.*, 9 Ala. App. 459, wherein the judgment of the circuit court was affirmed.   Writ denied.

O. M. ALEXANDER, and BLACKMON, MERRILL & WALKER, for appellant.   The pleas were good as pleas of estoppel, and the court erred in sustaining demurrers thereto.—*Fuller v. Eames*, 108 Ala. 464; *Thomason v. Lewis*, 103 Ala. 426; *Hickman v. Richburg*, 122 Ala. 638; 62 Am. St. Rep. 187; 59 Am. St. Rep. 434; 14 Mass. 175.

JAMES F. MATTHEWS, for appellee.   The pleas as pleas of estoppel were bad.—27 L. R. A. (N S.) 692.

The Code specially provides that the mortgagor has an equity of redemption in the chattels mortgaged, subject to levy and sale.—Sec. 4091, Code 1907; *Heflin v. Slay,* 78 Ala. 182; *Gassenheimer v. Moulton,* 80 Ala. 521; 93 Ala. 283. No res judicata is shown.—*Boswell v. Carlisle,* 55 Ala. 554; *Starnes v. Allison,* 58 Ala. 320.

MAYFIELD, J.—The questions presented for decision are as follows:

Does the mortgagee of a chattel estop himself from maintaining an action of detinue to recover the mortgaged property by levying an attachment or execution upon the property as the property of the mortgagor?

If not estopped, does such levy amount to a waiver of the right or title of the mortgagee?

If the mere levy does not work an estoppel or waiver, is a claim suit, instituted after the levy, between the mortgagee and a third party, which results in favor of the third party, res judicata, in a detinue suit by the mortgagee against the mortgagor, as to the same property?

The trial court and the Court of Appeals answered each of the questions in the negative, and the defendant mortgagor seeks certiorari to have reviewed the judgment and decision of the Court of Appeals as to these questions.

The exact questions are new in this court, so far as our investigation goes. They have been decided by other courts, however; but the trouble is they have been decided differently in the several courts. The questions, or some of them, have been answered in the affirmative by the Supreme Courts of Massachusetts and of Arkansas and other states, and in the negative by the Supreme Courts of Illinois, Indiana, Kansas, Iowa, North Dakota, and other states.

The rule of law is thus stated by the Supreme Court of Massachusetts: "A party holding personal property by virtue of a mortgage or pledge may waive his claim under such mortgage or pledge, and attach the property in a suit to recover the debt for which the mortgage or pledge was given.—*Buck v. Ingersoll*, 11 Metc. [Mass.] 226, 232. Such attachment is, in itself, a waiver of the claim under the mortgage. The liens respectively created by mortgage and by attachment on the same property are essentially different, and cannot coexist. They affect very differently, also, the rights of third persons. A stranger may attach personal property subject to the incumbrance of a prior lien by attachment, with no responsibility for such prior lien; if the lien is by mortgage, he must pay the amount secured by such mortgage, before his attachment is effectual. We have no need to discuss the question whether the same rule shall apply to an attachment of the equity of redemption of personal property to secure the payment of the mortgage debt as applies to the equity of redemption of real property, for, in this commonwealth, the equity of redemption of personal property is not attachable."—*Evans v. Warren, et al.*, 122 Mass. 304.

The Arkansas court thus states the rule, citing a number of authorities: "The levy of the attachment amounted to an assertion by appellants that the property was subject to seizure and sale under the attachment. But, as this could not be true if the lien of the mortgage still existed, the levy of the attachment was the same as a denial on the part of appellants that the mortgage lien existed, and was in effect a waiver on their part of the lien created by the mortgage. In other words, having sued out an attachment, levied it upon the property in question, and prosecuted the attachment suit to judgment, they must be held to have waived

rights which were inconsistent with such a course of procedure. The mortgage lien, being inconsistent with such attachment, was thereby waived, and appellants have nothing upon which to base their action of replevin."—*Cox v. Harris,* 64 Ark. 215, 41 S. W. 426, 62 Am. St. Rep. 187, 188.

The Indiana and Illinois courts criticised the rules declared by the Massachusetts and Arkansas courts as being technical and artificial, and declined to follow. See *Byram v. Stout,* 127 Ind. 195, 26 N. E. 687; *Barchard v. Kohn,* 157 Ill. 579, 41 N. E. 902, 29 L. R. A. 803. In the latter case it is said: "The main case which holds, that an attachment of the mortgaged property by the mortgagee for the mortgage debt is a waiver of his lien under the mortgage is *Evans v. Warren,* 122 Mass. 303. The decision in that case was placed upon the ground substantially that the liens created by mortgage and by attachment upon the same property are essentially different, and cannot coexist, for the reason that under the Massachusetts statutes the equity of redemption of personal property is not subject to attachment, and hence, if the mortgagee causes an attachment to issue against the mortgaged property, it is a waiver of the mortgage lien. The cases which hold that the attachment operated as a waiver of the plaintiff's rights under the mortgage do so upon the general grounds that a person cannot avail himself of inconsistent remedies in relation to the same matter, and, having chosen and carried into effect one remedy, he cannot resort to a different one, involving a repudiation of the grounds upon which the first one was based; that the suit on the mortgage and the attachment suit were inconsistent, because the one proceeds upon the ground that the mortgagee is the owner of the property, and the other upon the ground that the mortgagor thereof

is owner; that, when the debt matured, the mortgagee had the right to take the property under the mortgage, he having the legal title, subject only to a right of redemption; and that, by bringing the attachment suit, he elects to treat the property as the property of the debtor, and cannot, by seeking to enforce his mortgage, assert an ownership and right of possession in himself antedating the attachment. The reasoning in *Evans v. Warren, supra,* was held to be unsatisfactory, and its doctrine was repudiated in *Byram v. Stout,* 127 Ind. 195 [26 N. E. 687]. In the latter case the mortgagee in a chattel mortgage brought an action to foreclose it, and a junior mortgagee set up as a defense that the complainant had previously brought suit upon the evidences of debt secured by his mortgage, and had therein issued a writ of attachment, and levied it upon the mortgaged property, and had thereby released his mortgage lien; but the court held that the attachment was not a waiver of the mortgage lien, and did not estop the mortgagee from claiming under his mortgage, basing its decision mainly upon the ground that in Indiana the mortgagee in a chattel mortgage is a mere lienholder. —Jones, Mortg. § 55. In support of the conclusion that the mortgagee of personal property is a mere lienholder, Indiana decisions are there referred to holding that personal property under mortgage may be levied upon and sold by execution subject to the mortgage lien."

The Massachusetts doctrine is thus criticised by an annotator of the case of *Dix v. Smith,* 9 Okl. 124, 60 Pac. 303, 50 L. R. A. 714: "The decision in the principal case, while the logical result of the view taken of the nature and effect of a chattel mortgage, and of the construction placed upon the statute governing attachments, rests upon strictly technical grounds. To ren-

der applicable the theory of the case, that the lien of a
chattel mortgage and the lien of an attachment are in-
consistent, and cannot coexist, since the first imports
legal title in the mortgagee, and the second legal title
in the mortgagor, not only the common-law doctrine
that a chattel mortgage operates to transfer the legal
title to the mortgagee, but also the common-law rule
that a mere equitable right, such as the equity of re-
demption remaining in the mortgagor, is not subject to
levy, must have been left undisturbed, both by statute
and judicial decision. Even in a jurisdiction where the
doctrine that the legal title is in the mortgagee has not
been abandoned, there is no necessary inconsistency be-
tween the lien of a chattel mortgage and the lien of an
attachment, though asserted by the same  person,  if,
either by statute or judicial decision, the equity of re-
demption in the mortgagor is made subject to attach-
ment.  While the statute involved in the principal case
affords the means of reaching by attachment property
that has been mortgaged, the opinion emphasizes the
fact that the statute contemplates the payment and dis-
charge of the mortgage before the lien of the attachment
can attach, so that the statute does not impair either
of the doctrines of the common law referred to.  The
theory and decision of the principal case have the sup-
port of *Evans v. Warren,* 122 Mass. 303, which is sub-
stantially like it, except that there  the  attachment,
which was subsequently dissolved, was issued for the
debt secured by the mortgage. The court took the view
that the liens were essentially different, and could not
coexist, pointing out that the legal title was in the
mortgagee, and that the equity of redemption in per-
sonal property was not attachable."

Whatever might be the correct doctrine in this state
but for our statutes, our statutes certainly change the

law from that declared by the Supreme Courts of Massachusetts and Arkansas. Section 4091 of our Code expressly makes the equity of redemption in either land or personal property, subject to levy and sale under execution. This being true, the doctrine of estoppel or waiver cannot apply to or result from the levy of an execution, by the mortgagee, upon the mortgaged chattels

It is true that this court, in the case of *Fuller v. Eames*, 108 Ala. 464, 19 South. 366, held that, where there was a conditional sale of chattels, the vendor retaining title until the purchase price was paid, and the vendor attached the property as that of the vendee, he was thereby estopped from bringing an action of detinue to recover the same property, thereby claiming that it was the vendor's, and not the vendee's. In that case this court said: "In this attachment proceeding, the plaintiff unequivocally recognized the property as defendant's, and sought to subject it in a manner wholly inconsistent with the retention of the title in himself when he sold the property to defendant. He thereby waived any title he might have had to the property, and could not afterwards institute this suit maintainable only on the theory of title in himself.—*Thomason v. Lewis*, 103 Ala. 426 [15 South. 830]; *Montgomery Iron Works v. Smith*, 98 Ala. 644 [13 South. 525]; *Lehman, Durr & Co. v. Van Winkle*, 92 Ala. [8 South. 870]; *Tanner v. Hale*, 89 Ala. 628 [7 South. 187]."

In that case, as is pointed out, the two remedies were inconsistent, and not concurrent, and, the vendor having elected to attach the property as that of the defendant, and to hold him liable for the purchase price, he would not be allowed to have the property and also to have the purchase price.

In the case at bar, as to mortgaged chattels, the statute changes the rule, if it would not otherwise be differ-

ent.   The equity of redemption in chattels being subject
to levy and sale under execution, the levy, of course,
was not a claim inconsistent with that of the mortga-
gee's title, and, for this reason, the pleas setting up es-
toppel, election, or waiver, on account of this levy, were
no defense to the action of detinue; hence no error in-
tervened in the trial court or in the Court of Appeals
as to the rulings on demurrer to these pleas.

The claim suit was a contest between the mortgagee
and a third party.   In this suit the issue was, by virtue
of the statute, whether the property was that of the de-
fendant, the mortgagor, and whether it was subject to
the process.   The title to the property as between the
mortgagee and the mortgagor was not therefore put in
issue, nor decided, so far as the pleas show, and there-
fore the result of that claim suit was not shown to be
res judicata of the detinue suit between the mortgagee
and the mortgagor.

In this state the mortgagee has three remedies against
the mortgagor, either of which he is at liberty to pur-
sue, or he may pursue any two or all concurrently:   He
may bring an action at law to recover the debt, an ap-
propriate action to recover possession of the property,
and may foreclose the mortgage, and sell the property.
But, if he pursue one or more, each suit must be tried
and determined on the principles applicable and pre-
vailing in the forum in which the particular remedy is
sought.

The questions were treated fully by the Court of Ap-
peals in an able opinion by Walker, P. J., in which we
entirely concur, and, but for the fact that the ques-
tion is one of first impression in this court, it might well
be disposed of by our merely adopting the opinion of
the Court of Appeals.

The writ of certiorari is therefore denied.

[Hoobler v. International Harvester Company of America.]

Certiorari denied.

ANDERSON, C. J., and SAYRE, SOMERVILLE, DE GRAF-
FENRIED, and GARDNER, JJ., concur. McCLELLAN, J.,
thinks the writ of certiorari prayed for should be de-
nied for the reasons and upon the considerations set
forth in the opinion of the Court of Appeals.